

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GILBERT SERRANO, JR., | § | |
| Movant, | § § § | |
| VS. | § § | NO. 4:11-CV-744-A (NO. 4:09-CR-071-A(1)) |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Before the court for decision is the motion of Gilbert Serrano, Jr. ("Serrano") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Having reviewed the motion, the record, and applicable legal authorities, the court concludes that Serrano's motion should be denied.

On August 21, 2009, Serrano pleaded guilty to one count of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). The district court sentenced Serrano to 180 months of imprisonment and a five-year term of supervised release on December 7, 2009. Serrano appealed to the United States Court of Appeals for the Fifth Circuit, which affirmed his conviction on August 26, 2010. <u>See</u> <u>United States v. Serrano</u>, No. 09-1189, 392 F. App'x 358 (5th Cir. 2010) (per curiam) (unpublished). Serrano timely filed a motion seeking relief under 28 U.S.C. § 2255.

I.

## Treatment of Section 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981).

II.

## Grounds of Motion

Serrano's motion asserts two grounds for relief. His first ground, that the district court "committed reversible error during sentencing," is based on the argument that 21 U.S.C. § 841(a) violates the Tenth Amendment. Mot. at 2. His second ground, an ineffective assistance of counsel claim, is also predicated on the same argument. Mot. at 10; Mem. at 10-11.

Serrano's attack on the constitutionality of § 841(a) has no

2

merit. As support, Serrano contends:

> The Controlled Substance Act of 1970, Section 401(a), codefined [sic] at 21 U.S.C. § 841(a) as applied violates the principal of Federalism expressed and secured by the Tenth Amendment reservation of power. Therefore, the Court lacked personal, territorial, and subject matter jurisdiction to convict, sentence and enter the judgment.

Id. at 4. Serrano further argues that the federal statute is an invalid exercise of congressional powers, because the "State of Texas prohibits what . . . § 841 prohibits," and because § 841(a) "contains no interstate element distinguishing it from that proof required under" the Texas statute. Mem. at 4.

Serrano's contentions that § 841(a) violates the Tenth Amendment are foreclosed by precedent. The Fifth Circuit has determined that § 841 is a valid exercise of Congress' commerce power. United States v. Owens, 996 F.2d 59, 61 (5th Cir. 1993); see also United States v. Lopez, 2 F.3d 1342, 1367 n. 50 (5th Cir. 1993), aff'd, 115 S. Ct. 1624, 1630-31 (1995). Furthermore, § 841 does not violate the Tenth Amendment. Owens, 996 F.2d at 60-61 (if the challenged statute is a proper exercise of congressional power under the Commerce Clause, the statute does not violate the Tenth Amendment).

With respect to Serrano's general complaint that the court erred in sentencing him, that issue was raised on direct appeal and decided adversely to him. See Serrano, 392 F. App'x at 358. Issues raised and disposed of in an appeal from a judgment of conviction may not be considered in a motion pursuant to § 2255. United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986). Thus, Serrano is not entitled to relief on this ground.

3

Serrano's ineffective assistance of counsel claim also does not entitle him to relief. To prevail on a claim of ineffective assistance of counsel, Serrano must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance; however, both prongs need not be considered if movant makes an insufficient showing as to one. Id. at 687, 697. Conclusory allegations are insufficient to prove a claim of ineffective assistance of counsel. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

Here, Serrano has failed to meet the standard set forth by Strickland. For his claim, Serrano contends that his counsel's "advice to enter a plea fell below the [s]tandard of reasonableness," because counsel failed to inform him that § 841(a) violates the Tenth Amendment. Mem. at 10-11. As the court noted previously, the Fifth Circuit has already determined that § 841(a) is a valid exercise of congressional powers and does not violate the Tenth Amendment. Thus, Serrano's counsel was under no duty to advise him of any constitutional defects in the statute. Serrano has failed to show that his counsel's advice fell below the objective standard of reasonableness, and accordingly, has failed to make out a viable ineffective assistance of counsel claim.

4

III.

Order

Therefore,

The court ORDERS that Serrano's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED December 2, 2011.

> JOHN McBRYDE
> United States District Judge